UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>JUCARI ANDERSON,<br>    Defendant. | Case No. 14-cr-00456-PJH-1<br><br>**ORDER DENYING MOTION TO STAY**<br>Re: Doc. No. 45 |

       The government has filed a motion to stay the motion of defendant Jucari Anderson to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The government seeks a stay of the § 2255 motion on the ground that the Supreme Court granted certiorari in *Beckles v. United States*, No. 15-8544, which presents issues raised in defendant's § 2255 motion in light of the holding of *Johnson,* where the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another").  The ACCA residual clause invalidated in *Johnson* is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2).  The Supreme Court granted certiorari review in *Beckles* on the questions whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional

1  holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering
2  challenges to sentences enhanced under it cognizable on collateral review.

3      The government represents that *Beckles* will likely decide the application of
4  *Johnson* to the Guidelines and the retroactivity question presented in defendant's § 2255
5  motion.  Doc. no. 45.  Defendant promptly filed an opposition to the motion to stay on the
6  ground that judicial efficiency alone is not a valid basis to justify an indefinite and
7  potentially lengthy stay in a habeas case.  Doc. no. 46.  In support of his opposition to the
8  stay, defendant cites *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), where the Ninth
9  Circuit held that the district court abused its discretion by staying a habeas petition
10 pending resolution of an appeal in a case before the Ninth Circuit presenting similar
11 issues to be decided, *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *vacated by Zadvydas v.*
12 *Davis*, 533 U.S. 678 (2001).  In reviewing the stay order, the Ninth Circuit noted that
13 "because the stay terminates upon the 'resolution of the [*Ma*] appeal,' if the Supreme
14 Court should grant certiorari to review this court's decision in *Ma*, the stay could remain in
15 effect for a lengthy period of time, perhaps for years if our decision in Ma is reversed and
16 the case is remanded for further proceedings."  *Id.* at 1119.  The court in *Yong* reasoned
17 that "habeas proceedings implicate special considerations that place unique limits on a
18 district court's authority to stay a case in the interests of judicial economy," and held that
19 "although considerations of judicial economy are appropriate, they cannot justify the
20 indefinite, and potentially lengthy, stay imposed here."  *Id.* at 1120-21.

21     Defendant further argues that he would be prejudiced by a stay of his § 2255
22 motion because if he is granted relief on his *Johnson* claim, his potential sentence post-
23 *Johnson* could be exceeded by time served.  He states that he has been in federal
24 custody since September 8, 2014, and has served 23 months of his 36-month prison
25 sentence.  At the time of sentencing, on February 25, 2015, he was subject to a
26 guidelines enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)(A) for committing the
27 offense of being a felon in possession of a firearm subsequent to a prior conviction for a
28 crime of violence.  Presentence Report (doc. no. 23) ¶ 14.  He contends that without the

1  sentencing enhancement, his guideline range would be 27-33 months, which further
2  could be subject to a downward variance.  Doc. no. 46 at 6.  Defendant also points out
3  that the Ninth Circuit lifted the stays previously entered in *Gardner v. United States*, No.
4  15-72559 and *Jacob v. United States*, No. 15-73302 (9th Cir. Aug. 1, 2016), which the
5  government cited in support of the instant motion to stay.

　　The court carefully considers whether a stay pending resolution of *Beckles* is likely to be resolved without inordinate delay because of the court's duty to adjudicate habeas petitions in a timely manner.  *Yong*, 208 F.3d at 1119-20.  Because a decision in *Beckles* is expected within a year, the government does not seek an indefinite stay.  Unlike the appeal at issue in *Yong* which was subject to further review, the Supreme Court is likely to decide conclusively the question presented in *Beckles* whether *Johnson* applies retroactively to collateral challenges to sentence enhancements applied under the residual clause of the guidelines.  Staying these proceedings pending a decision by the Supreme Court on this threshold question could, however, result in prejudicial delay to defendant, who seeks a reduced term of imprisonment that may be exceeded by time served.  Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.

　　Accordingly, the government's motion to stay the § 2255 motion is DENIED.

**IT IS SO ORDERED.**

Dated:  August 17, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge